UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                Criminal No. 03-235(1) (JNE)
                                                     Civil No. 08-5291 (JNE)
                                                       ORDER

Richard Mose McElrath,

        Defendant.

This case is before the Court on Defendant's motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2006) and for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) (2006) and the amendments to the U.S. Sentencing Guidelines Manual related to cocaine base (crack). For the reasons set forth below, the Court denies both motions. In addition, because the record conclusively shows that Defendant is not entitled to relief under section 2255, the Court denies the section 2255 motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

## I.    Background

In June 2003, Defendant was charged in a one-count indictment with conspiracy to distribute and possess with intent to distribute in excess of fifty grams of a substance containing a detectable amount of crack. On October 27, 2003, the Court denied Defendant's pre-trial motions for discovery and suppression of evidence. On April 27, 2004, a jury found Defendant guilty. On October 1, 2004, the Court sentenced Defendant to 360 months' imprisonment as a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1. The Eighth Circuit affirmed Defendant's conviction on May 24, 2005, but remanded the case for re-sentencing in light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005)

(holding that the sentencing guidelines are advisory, not mandatory).  On April 3, 2006, the Court re-sentenced Defendant to 300 months' imprisonment, 60 months less than the minimum of the suggested guideline range of 360 months to life, because the Court determined that a sentence of 360 months was more than necessary to accomplish the goals of sentencing. Defendant's subsequent appeal of his sentence to the Eighth Circuit was denied on August 14, 2007, and his petition for rehearing en banc denied on September 13, 2007.

On February 19, 2008, Defendant filed a pro se motion for appointment of a federal public defender as counsel.  On February 21, 2008, Defendant filed a second pro se motion for appointment of counsel.  On March 13, 2008, Defendant filed a pro se motion for a sentence reduction pursuant to section 3582 and a third pro se motion for appointment of a federal public defender.  On March 26, 2008, the Office of the Federal Defender for the District of Minnesota filed a motion for appointment of counsel on behalf of Defendant pursuant to 18 U.S.C. § 3006A (2006).  The Office of the Federal Defender stated that it anticipated filing a motion for re-sentencing under section 3582(c)(2) in the near future.  The Court ordered appointment of counsel pursuant to section 3006A on March 26, 2008.  On September 29, 2008, Defendant filed a pro se motion to vacate, set aside, or correct his sentence under section 2255.  On February 13, 2009, Defendant filed a pro se motion seeking counsel in pursuing a reduced sentence under section 3582 as a supplement to his section 2255 motion.  On March 13, 2009, the Court ordered the government to respond to Defendant's section 2255 motion on or before April 10, 2009.  On April 8, 2009, the Office of the Federal Defender advised the Court via letter that it was not going to file a motion for a sentence reduction on behalf of Defendant.[1]  The government filed a response to Defendant's section 2255 and section 3582 motions on April 10, 2009.

---

[1]   The Office of the Federal Defender stated in the letter that it had notified Defendant that it was not going to file a motion for a sentence reduction on his behalf.

2

## II. Section 2255 Motion

### A. Ineffective Assistance of Counsel

"[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see Alaniz v. United States*, 351 F.3d 365, 367 (8th Cir. 2003). To successfully obtain reversal of a conviction, a convicted defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "More specifically, the petitioner must show that: (1) his counsel's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005). Here, Defendant alleges that his relationship with trial counsel "was a train wreck and should not stand in a system of American justice." This conclusory allegation is insufficient to show either deficient performance or prejudice. *See Estes v. United States*, 883 F.2d 645, 648 (8th Cir. 1989). Defendant also claims that his trial counsel was ineffective in failing to object to the government's use of evidence allegedly not disclosed to Defendant relating to a controlled buy that occurred on May 22, 2003. Defendant's allegations regarding the May 22 controlled buy are insufficient to show ineffective assistance of counsel because he has not shown that the result of his trial or his sentence would have been different had trial counsel objected to this evidence. *See id.* The Court rejects this claim.

### B. Evidence Obtained Pursuant to an Unlawful Arrest

Defendant contends that his conviction resulted from the use of evidence obtained pursuant to an unlawful arrest. Defendant does not explain the basis for this assertion in his

motion.  Moreover, in Defendant's first appeal, the Eighth Circuit rejected the argument that the Court had erred in denying Defendant's motion to suppress evidence.  *United States v. McElrath*, 133 F. App'x 338, 340 (8th Cir. 2005).  "Issues raised and decided on direct appeal cannot ordinarily be relitigated in a collateral proceeding based on 28 U.S.C. § 2255."  *United States v. Wiley*, 245 F.3d 750, 752 (8th Cir. 2001).  The Court discerns no applicable exception that would permit Defendant to reassert his evidentiary challenge here.  The Court therefore rejects this claim.

## C.     Failure to Disclose Evidence Favorable to the Defendant

Defendant contends that the government violated its discovery obligations by failing to disclose evidence favorable to him relating to the May 22 controlled buy.  In his first appeal to the Eighth Circuit, Defendant unsuccessfully asserted that the government failed to disclose discovery.  To the extent that Defendant repeats those arguments, he may not relitigate them in a section 2255 motion.  *See id.*  To the extent that Defendant raises new arguments relating to this claim, any such arguments fail because Defendant has not shown prejudice resulting from the alleged failure to disclose.  *See United States v. Tyndall*, 521 F.3d 877, 881 (8th Cir. 2008) (holding that defendant must show that the evidence at issue was favorable to the accused, that the evidence was suppressed by the prosecution, and prejudice resulting from the suppression to succeed on claim of violation of *Brady v. Maryland*, 373 U.S. 83 (1963)); *United States v. Kuenstler*, 325 F.3d 1015, 1023 (8th Cir. 2003) (defendant must show violation of a discovery rule and that the violation was prejudicial to obtain reversal of conviction).  Accordingly, the Court rejects this claim.

4

**D.    Career Offender**

Defendant contends that enhancement of his sentence under the career offender provisions of the sentencing guidelines violates the Sixth Amendment because the facts of his prior convictions were not submitted to the jury. The fact of a prior conviction need not be submitted to a jury or proved beyond a reasonable doubt. *United States v. Reeves*, 410 F.3d 1031, 1035 (8th Cir. 2005). Moreover, Defendant unsuccessfully challenged the constitutionality of the career offender provisions in his first appeal to the Eighth Circuit, *see McElrath*, 113 F. App'x at 341, and may not relitigate the issue here, *see Wiley*, 245 F.3d at 752.

**E.    Facts Underlying Defendant's 1994 Conviction**

Defendant challenges the facts underlying his 1994 conviction used to establish his status as a career offender. Defendant unsuccessfully raised this issue in his first appeal to the Eighth Circuit. *See McElrath*, 133 F. App'x at 341. Furthermore, a defendant generally may not collaterally attack a prior conviction used when determining if a defendant is a career offender under the sentencing guidelines. *United States v. Levering*, 431 F.3d 289, 294 (8th Cir. 2005). Discerning no applicable exception here, the Court rejects this argument.

**F.    Amount of Cocaine Base**

Defendant contends that he was found guilty of conspiracy to possess only 50 grams of crack, not 50 grams or more. This contention is unsupported by the record. The special verdict form returned by the jury explicitly indicates that the jury found Defendant guilty of conspiracy to distribute or to possess with intent to distribute "50 grams or more of a mixture or substance containing a detectable amount of cocaine base (crack)." Defendant also contends that re-sentencing is required because the jury verdict did not specifically state the quantity of crack. Defendant is not entitled to re-sentencing on this basis because his sentence was based on the

5

jury verdict finding him guilty of violating 18 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 and his career offender status, not on a specific drug quantity. *See United States v. King*, 356 F.3d 774, 780 (7th Cir. 2004); *cf. United States v. Mansell*, 15 F. App'x 394, 395 (8th Cir. 2001) ("Although [Defendant] argues that the information failed to allege a specific drug quantity, we observe that the calculation of his sentencing range was controlled by his career-offender status and his guilty plea under section 841(b)(1)(B)(viii)."). The Court rejects these arguments.

**G.     Disparity Between Crack and Cocaine Powder Sentences**

Defendant challenges his sentence on the grounds that the disparity between crack and cocaine powder sentences violates the Equal Protection Clause and is otherwise unfair. The Eighth Circuit rejected this argument in *United States v. Clary*, 34 F.3d 709, 711-14 (8th Cir. 1994). Defendant also contends that re-sentencing is required because the Court sentenced him under a 100:1 crack to cocaine powder ratio. The 100:1 ratio did not affect Defendant, however, because his sentence was based on his career offender status, not on the drug quantity table set forth in Section § 2D1.1 of the U.S. Sentencing Guidelines Manual. The Court rejects this argument.

**H.     Double Jeopardy and Conspiracy**

Defendant contends that that his conviction was obtained in violation of the protection against double jeopardy and that the conspiracy laws of the United States are unconstitutional. Defendant, who does not set forth any basis for these conclusory allegations, has not met his burden of proof with respect to these claims. *See Day v. United States*, 428 F.2d 1193, 1195 (8th Cir. 1970) ("The petitioner bears the burden of proof upon each ground presented for relief in a Section 2255 proceeding.") The Court rejects these arguments.

I.      **Certificate of Appealability**

An appeal cannot be taken from a final order denying a motion under section 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Defendant has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. The Court therefore declines to grant him a certificate of appealability.

III.    **Section 3582(c)(2) Motion**

At re-sentencing on April 3, 2006, the Court concluded that Defendant was a career offender under U.S. Sentencing Guidelines Manual § 4B1.1. The Court imposed a sentence of 300 months' imprisonment, which was 60 months less than the applicable guideline minimum of 360 months. Because Defendant's career offender status determined his base offense level and criminal history category, the amendments to the sentencing guidelines did not change Defendant's guideline range and do not provide a basis for a sentence reduction. *See United States v. Tingle*, 524 F.3d 839, 840 (8th Cir. 2008) (per curiam). The Court denies Defendant's motion for a sentence reduction pursuant to section 3582(c)(2). The Court also denies as moot

Defendant's motion seeking counsel in pursuing a reduced sentence under section 3582(c)(2).

### IV.   Conclusion

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [Docket No. 186 in Criminal No. 03-325(1)] is DENIED.

2. Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Docket No. 191 in Criminal No. 03-325(1)] is DENIED.

3. Defendant's motion seeking counsel in pursuing a reduced sentence under 18 U.S.C. § 3582(c)(2) as a supplement to his section 2255 motion [Docket No. 193 in Criminal No. 03-325(1)] is DENIED AS MOOT.

4. Defendant is not entitled to a certificate of appealability.

Dated:  May 21, 2009

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge