UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                          Criminal No. 03-235 (JNE)
                                                            Civil No. 08-5291 (JNE)
Richard Mose McElrath,                                      ORDER

        Defendant.

      This case is before the Court on two motions filed by Defendant after the Court denied

Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255

(2006).  Defendant seeks to supplement his § 2255 motion, to appeal the denial of his § 2255

motion,[1] and a 60-day "continuance of judgment."  For the reasons set forth below, the Court

denies the motions.

*Background*

      A jury found Defendant guilty of conspiracy to distribute and possess with intent to

distribute in excess of fifty grams of a substance containing a detectable amount of cocaine base

on April 27, 2004.  The Eighth Circuit affirmed Defendant's conviction on May 24, 2005, but

remanded the case for re-sentencing in light of the U.S. Supreme Court's decision in *United*

*States v. Booker*, 543 U.S. 220 (2005) (holding that the sentencing guidelines are advisory, not

mandatory).  On April 3, 2006, the Court re-sentenced Defendant to 300 months' imprisonment.

Defendant's subsequent appeal of his sentence to the Eighth Circuit was denied on August 14,

2007, and his petition for rehearing en banc was denied on September 13, 2007.  Defendant then

---

[1]     Although Defendant's second motion is captioned a "Motion to Appeal Decision of
2255," the Defendant "ask[s] the District Court of MN to reconsider its decision."  Accordingly,
the Court construes this motion as a motion to alter or amend judgment under Rule 59(e) of the
Federal Rules of Civil Procedure, not as a Notice of Appeal to the Eighth Circuit.

moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In an Order

dated May 21, 2009, the Court denied Defendant's § 2255 motion.

*Reconsideration*

Defendant seeks reconsideration of the May 21 Order denying his § 2255 motion. The

Court construes this motion as a motion to alter or amend judgment under Rule 59(e) of the

Federal Rules of Civil Procedure. "Rule 59(e) motions serve the limited function of correcting

manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro.*

*St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quotation marks omitted).

Defendant's primary contention is that re-sentencing is required in light of *Kimbrough v.*

*United States*, 552 U.S. 85 (2007) (holding that the 100:1 cocaine base to cocaine powder ratio

contained in the U.S. Sentencing Guidelines Manual is advisory, not mandatory). Defendant,

who unsuccessfully asserted this argument in his § 2255 motion, may not relitigate this issue in a

Rule 59(e) motion. *See Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763

(11th Cir. 2005) ("[Plaintiff] however cannot use a Rule 59(e) motion to relitigate old matters.");

*Dale & Selby Superette & Deli v. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993)

(stating that a Rule 59(e) motion "should not be employed to introduce evidence that was

available at trial but was not proffered, to relitigate old issues, to advance new theories, or to

secure a rehearing on the merits"). Nevertheless, the Court will explain in more detail why this

contention is unpersuasive.

Defendant contends that re-sentencing is required under *Kimbrough* because the 100:1

ratio triggered his sentencing guideline range of 360 months to life. This argument fails because

Defendant's sentence was based on his career offender status. The statutory maximum for the

crime of which Defendant was convicted was life imprisonment. *See* 21 U.S.C. 841(b) (2006).

Section 4B1.1 of the U.S. Sentencing Guidelines Manual provides that "if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply." The career offender table in Section 4B1.1 establishes an offense level of 37 for an offense having a statutory maximum of life imprisonment. Under the drug quantity table in Section 2D1.1 and the 100:1 ratio, Defendant's base offense level was 32. Because the base offense level in Section 4B1.1 was greater than the base offense level in Section 2D1.1, Defendant's career offender status, not the drug quantity table or the 100:1 ratio, determined his base offense level. The *Kimbrough* decision therefore has no effect on Defendant's sentencing guideline range.

The remainder of Defendant's Rule 59(e) motion repeats arguments made by Defendant in his § 2255 motion. Defendant may not relitigate those issues in a Rule 59(e) motion, *see Michael Linet*, 408 F.3d at 763; *Dale & Selby Superette & Deli*, 838 F. Supp. at 1348, and Defendant has identified no manifest error of law or fact that would require alteration or amendment of judgment, *see Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. The Court therefore denies Defendant's motion to alter or amend judgment under Rule 59(e).

*Reply Brief*

Defendant seeks leave to file a supplemental brief in rebuttal to the government's brief responding to his § 2255 motion. The Court construes this as a motion for leave to file a reply brief. The Court, in its discretion, may determine whether to allow a petitioner to submit a reply brief. *See Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision) ("Rule 4(b) of the Rules Governing § 2255 Proceedings suggests that the district court in its discretion may determine whether to allow a petitioner to submit a reply brief."); *United States v. Crittenton*, Crim. No. 03-349-2, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) ("No court has

held that Rule 5(d) [of the Rules Governing Section 2255 Proceedings] entitles a petitioner to submit a reply under all circumstances. When a court does not request, permit, or require the additional argument that would be contained in a reply brief, § 2255 petitioners are not prejudiced by denial of an opportunity to file such a brief."). Defendant filed twenty pages of argument in support of his § 2255 motion and six pages of argument in support of the motions presently before the Court. The Court concludes that a reply brief is unnecessary, and therefore denies Defendant's motion to file a reply brief.

*60-Day "Continuance"*

Defendant seeks a "continuance of judgment for 60 days so that [he is not] in transition as [he] is awaiting transfer" to another facility. Defendant does not explain why his anticipated transfer requires a 60-day continuance. The Court denies Defendant's motion for a 60-day continuance of judgment.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion to supplement his § 2255 motion [Docket No. 197] is DENIED.

2. Defendant's Rule 59(e) motion [Docket No. 198] is DENIED.

3. Defendant's motion for a 60-day continuance [Docket No. 198] is DENIED.

Dated: June 11, 2009

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge