UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                          Criminal No. 03-235 (JNE)
                                            ORDER

Richard Mose McElrath,

        Defendant.

On April 27, 2004, a jury found Defendant Richard Mose McElrath guilty of conspiracy to distribute and possess with intent to distribute in excess of fifty grams of a substance containing a detectable amount of crack. On October 1, 2004, the Court sentenced Defendant to 360 months' imprisonment as a career offender pursuant to section 4B1.1 of the U.S. Sentencing Guidelines Manual. McElrath appealed and the Eighth Circuit affirmed Defendant's conviction but remanded the case for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005). On April 3, 2006, the Court re-sentenced Defendant to 300 months' imprisonment. On May 29, 2009, the Court issued an order denying several motions filed by Defendant, including a motion for reduction of sentence and a motion under 28 U.S.C § 2255. On June 11, 2009, the Court denied a motion to reconsider the § 2255 motion and several other motions.

On October 4, 2010, Defendant filed a Motion to Vacate Based Upon Newly Discovered Evidence. On October 5, Defendant filed a Motion For Evidentiary Hearing. On October 12, 18, and 21, Defendant filed supplements to these motions. On October 27, the Government filed a response. Since then, Defendant has filed 12 motions and five other documents with the Court. Though variously titled, Defendant's motions seek a new trial, appointment of counsel, the suppression of evidence, and discovery. For the reasons stated below, the Court denies Defendant's motions.

"Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." Fed. R. Crim. Proc. 33(a). Defendant was convicted by a jury on April 27, 2004. For Defendant's motions to be timely, he would have had to file them by April 27, 2007. *See U.S. v. Camacho*, 370 F.3d 303 (2d. Cir. 2004); *United States v. Rauser*, No. 08-3281, 2009 WL 82695 (3d. Cir. Jan. 14, 2009). Defendant's motions are untimely. Moreover, Defendant's motions are something of a fishing expedition and do not articulate any specific newly discovered facts that could be the basis for a new trial. *See United States v. Dogskin*, 265 F.3d 682, 685 (8th Cir. 2001) ("In general, a new trial will be granted only if the evidence was not discovered until after the trial; there was no lack of diligence by the movant; and the new evidence is material, more than merely cumulative or impeaching, and likely to produce an acquittal if a new trial is granted.").

More significantly, the Court construes Defendant's motions to be a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. Under § 2255(h), a second or successive § 2255 motion may not be entertained by a district court unless the defendant has obtained approval from the court of appeals. 28 U.S.C. § 2255(h) (2006). "Prisoners cannot avoid the rules . . . [governing federal post-conviction remedies] by inventing captioning . . . . [T]he name makes no difference. It is the substance that controls." *Melton v. United States*, 359 F. 3d 855, 857 (7th Cir. 2004). Where a petitioner raises, by means of another procedural motion, issues "which [were] or which . . . could have [been] raised" in a first § 2255 motion, the new motion should be treated as a successive § 2255 motion. *United States v. Matlock*, 107 F. App'x 697, 698 (8th Cir. 2004). "A petitioner making a collateral challenge to his conviction on any ground other than newly discovered evidence demonstrating actual innocence may do so only through a

§ 2255 motion." *United States v. Spellisy*, 346 F. App'x 446, 450 (11th Cir. 2009) (per curiam); *see also United States v. Evans*, 224 F.3d 670, 674 (7th Cir. 2009).

Here, Defendant seeks a new trial because of prosecutorial misconduct based on *Brady v. Maryland*, 373 U.S. 83 (1963), violations of his right to confrontation and Due Process, witness tampering, improperly obtained and admitted evidence, and ineffective assistance of counsel. Each of these claims challenges the validity of Defendant's underlying conviction, either by seeking to relitigate issues already determined on appeal and Defendant's first § 2255 or by bringing new collateral attacks. To the extent Defendant's motions for a new trial were spurred by the negative publicity received by the Metro Gang Strike Force unavailable to him at the time of his trial and appeal, he has not articulated any facts that could be considered newly discovered evidence establishing his innocence. In fact, in his motion of October 5 Defendant states: "I am not challenging guilt. But procedures outside and inside the guide lines of the law and a right to a fair trial." (Docket No. 203.) Defendant's motions for a new trial must therefore be treated as a second § 2255 motion. *C.f., Evans*, 224 F.3d at 674 ("A defendant whose argument is not that newly discovered evidence supports a claim of innocence, but instead that he has new evidence of a constitutional violation or other ground of collateral attack, is making a motion under § 2255."). Because Defendant did not obtain approval to bring a successive § 2255 motion from the Eighth Circuit Court of Appeals, the Court cannot consider these motions. *See* § 2255(h).

Having found that Defendant's motions are, together, a second § 2255 motion, the Court may either dismiss them for failure to obtain authorization from the Court of Appeals or, in its discretion, transfer the purported Rule 33 motion to the Eighth Circuit. *United States v. Boyd*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam). The Court considers certification by the Eighth Circuit to be unlikely and dismisses the motions.

3

Because the Court has determined Defendant's motion to be a second § 2255 motion, it must also decide whether a certificate of appealability should issue. An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right. § 2253(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Defendant has made no such demonstration. Therefore, the Court declines to issue a certificate of appealability.

To the extent that Defendant has moved for an evidentiary hearing related to his motion for a new trial, the Court denies these motions. *See Dogskin*, 265 F.3d at 687. Defendant's motions seeking appointment of counsel in connection with his Rule 33 motions are also denied. *See United States v. Berger*, 375 F.3d 1223, 1226-27 (11th Cir. 2004) (collecting cases) ("[A] post-conviction, *post*-appeal Rule 33 motion is considered a collateral challenge to which the Sixth Amendment right to counsel does not attach."); *see also Pa. v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Defendant's motions to suppress evidence and for discovery are denied as moot.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motions [Docket Nos. 200, 203, 204, 205, 209, 210, 216, 217, 218, 219, 220, 221, 222, 223, 224, 225] are DENIED.

Dated: December 14, 2010

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

4