UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

v.                                                                                             Criminal No. 03-235(1) (JNE)
                                                                                            ORDER

Richard Mose McElrath,

       Defendant.

      This matter is before the Court pursuant to Defendant's most recent post-conviction submissions in this matter. (Docket Nos. 238, 239, 241, 242, 243) Defendant's latest submission explicitly states that he has "no standing motion to the district court" and appeals this Court's Order of December 14, 2010, to the Eighth Circuit. This submission has been construed as a notice of appeal. To the extent Defendant's notice of appeal did not moot his pending submissions, the Court finds all of Defendant's pending submissions to be frivolous because they lack any "arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, the Court summarily rejects and denies all of Defendant's pending motions.

      Defendant has now filed more than 70 pro se submissions in this case, including more than 35 since his conviction and sentence were affirmed by the Eighth Circuit Court of Appeals on direct appeal. Indeed, Defendant has filed more than a dozen motions since December 14, 2010, when the Court denied Defendant's motion for a new trial because it was an unauthorized successive petition for habeas corpus relief. Defendant files faster than the Court can rule on his motions, and he files without reference to the rules. Frequently, the Court cannot comprehend the purpose and meaning of Defendant's filings.

      Prisoners do, of course, have a right of access to the courts. That right, however, does not guaranty prisoners, or anyone else, an unrestricted opportunity to file frivolous, malicious or

abusive documents. *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) ("[T]here is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'" (quoting *Philips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981))).

"Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims." *Id.* Such "excessive litigation" imposes "unnecessary burdens on, and useless consumption of, court resources." *Id.* A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process." *Id.* at 1292-93.

In light of Defendant's extensive record of frivolous filings in this matter, the Court finds that it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Defendant. Therefore, any written materials hereinafter received from Defendant shall be presented to the Court without being filed. The Clerk of Court shall not file, or respond to, any future submissions from Defendant, except as directed by the Court.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. All of Defendant's pending motions [Docket No. 238, 239, 242] are DENIED.

2. The Clerk of Court shall not file, or respond to, anything received from Richard Mose McElrath, except as expressly directed by the Court.

Dated: February 2, 2011

                                                   s/ Joan N. Ericksen
                                                   JOAN N. ERICKSEN
                                                   United States District Judge