UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                          Case No. 03-cr-235 (JNE) (1)
                                                        ORDER

Richard Mose McElrath,

        Defendant.

This case is before the Court on Defendant's motion for a reduced sentence under the First Step Act of 2018. For the reasons set forth below, the Court grants the motion and imposes a sentence of 276 months' imprisonment and 8 years' supervised release.

In 2003, a United States grand jury charged Defendant with one count of conspiracy to distribute and possess with intent to distribute in excess of 50 grams of a substance containing a detectable amount of cocaine base. In April 2004, a jury found him guilty. In October 2004, the Court determined that Defendant is a career offender, *see* U.S.S.G. § 4B1.1, and sentenced him to 360 months' imprisonment and 10 years' supervised release. Defendant appealed. The Eighth Circuit affirmed his conviction, vacated his sentence, and remanded for resentencing consistent with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. McElrath*, 133 F. App'x 338 (8th Cir. 2005). On remand, the Court sentenced Defendant to 300 months' imprisonment and 10 years' supervised release. Defendant appealed, and the Eighth Circuit affirmed. *United States v. McElrath*, 238 F. App'x 186 (8th Cir. 2007) (per curiam).

Defendant recently moved for a reduced sentence under the First Step Act of 2018.[1]  He sought a sentence of 240 months' imprisonment and 8 years' supervised release.  The United States agreed that Defendant is eligible for a reduced sentence.[2]  The United States supported a reduction of his sentence to 276 months' imprisonment and 8 years' supervised release.

A "court may not modify a term of imprisonment once it has been imposed" except that the court may modify an imposed term of imprisonment to the extent "expressly permitted by statute."  18 U.S.C. § 3582(c)(1)(B).  Under the First Step Act of 2018, "[a] court that imposed a sentence for a covered offense may, on motion of the defendant …, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (citation omitted).  "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010."  *Id.* § 404(a) (citation omitted).  "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  *Id.* § 404(c).

---

[1]  The Court terminates the pro se motions submitted before appointed counsel filed Defendant's motion for a reduced sentence under the First Step Act of 2018.

[2]  Defendant asserted that his eligibility is determined by the statute underlying his conviction, not his offense conduct.  The government asserted that Defendant's eligibility is determined by the quantity of cocaine base for which he was held responsible in the presentence investigation report.  Because Defendant is eligible for a reduced sentence in either case, the Court expresses no opinion on the issue.

Section 2 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base that triggers certain mandatory minimum sentences. The quantity was increased from 50 grams to 280 grams for 21 U.S.C. § 841(b)(1)(A) to apply and from 5 grams to 28 grams for 21 U.S.C. § 841(b)(1)(B) to apply. Fair Sentencing Act of 2010, Pub. L. 111-220, § 2(a), 124 Stat. 2372, 2372.

"[T]he First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted 'as if' the lower drug offense sentences were in effect at the time of the commission of the offense. That is the only explicit basis stated for a change in the sentencing." *United States v. Hegwood*, No. 19-40117, 2019 WL 3729590, at *4 (5th Cir. Aug. 8, 2019). "The mechanics of First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the time frame of the original sentencing, altering the relevant legal landscape only by the changes mandated by the 2010 Fair Sentencing Act. The district court's action is better understood as imposing, not modifying, a sentence, because the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception." *Id.*

When the Court sentenced Defendant in October 2004, the Court determined that his guideline range of imprisonment is 360 months to life and sentenced him to 360 months' imprisonment. The Supreme Court subsequently decided *Booker*. The Eighth Circuit vacated Defendant's sentence and remanded for resentencing.

At Defendant's resentencing, the Court concluded again that Defendant is a career offender under the sentencing guidelines, *see* U.S.S.G. § 4B1.1, and that his guideline

3

range of imprisonment is 360 months to life. The Court rejected his request for a sentence of 240 months' imprisonment, the mandatory minimum. The Court determined a term of imprisonment of less than 360 months would accomplish the purposes of sentencing and sentenced him to 300 months' imprisonment. The Court explained:

> I can't go right to 240 [months] and disregard the guidelines. That's not the way it works. But I don't think that you need the full 360 months.
>
> ….
>
> I'm going to give you a sentence of 300 months, so that's five years off the bottom end of the guidelines. And I'm doing that because the offense of conviction is one that just doesn't seem to me to require a life sentence. And I think that you are making strides for the first time in your life to take personal responsibility for what's happened, and that's the best indication of what's going to happen when you get out.
>
> So I mean we've all read your history. We all know what the dates are and when you got arrested and everything, but hopefully, you are on your way to a new level of maturity, so it's still a really long sentence which I think you understand it has to be ….

Under the First Step Act of 2018, Defendant is eligible for a reduced sentence. He is subject to term of imprisonment of at least 10 years and not more than life and to a term of supervised release of at least 8 years. His guideline range of imprisonment remains 360 months to life. Defendant has served approximately 16 years of his sentence. As of April 2019, his disciplinary record consists of one incident: insolence toward a staff member. He has completed nonresidential drug treatment, and he has an extensive record of education courses in topics such as German, special medical needs, chronic care, and health/fitness/diet. Considering Defendant's crime, criminal history,

and conduct during his imprisonment, as well as the government's support for a reduced sentence, the Court grants Defendant's motion for a reduced sentence and imposes a sentence of 276 months' imprisonment and 8 years' supervised release.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant's motion for a reduced sentence under the First Step Act of 2018 [Docket No. 258] is GRANTED.

2. The Clerk of Court shall terminate Docket Nos. 251, 254, and 255.

3. Defendant's sentence on Count 1 of the Indictment is reduced to 276 months' imprisonment and 8 years' supervised release.

4. All other terms and conditions of the Amended Judgment in a Criminal Case After Eighth Circuit Remand [Docket No. 175] remain unchanged.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 27, 2019

                                              s/ Joan N. Ericksen
                                              JOAN N. ERICKSEN
                                              United States District Judge