UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Richard Mose McElrath,

        Defendant.

Case No. 3-cr-235 (JNE)(1)
ORDER

    This matter is before the Court on Defendant and the Government's Joint Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c) in light of the COVID-19 pandemic. ECF No. 287. As discussed below, the Court grants this motion.

BACKGROUND

    On April 27, 2004, a jury found Defendant guilty of conspiracy to distribute and possess with intent to distribute in excess of 50 grams or more of cocaine base. *See* ECF No. 119. On October 1, 2004, this Court sentenced Defendant to 360 months' imprisonment followed by a ten-year term of supervised release and on August 28, 2019, this Court reduced Defendant's sentence to 276 months' imprisonment followed by an eight-year term of supervised release. ECF Nos. 145, 262. Defendant is currently incarcerated at the Federal Correctional Institute in Oxford ("FCI-Oxford") and his projected release date is January 22, 2023. Find an Inmate, *Federal Bureau of Prisons*, https://www.bop.gov/inmateloc/ (last accessed Sept. 10, 2020); *see also* ECF No. 278 at 3.

1

Defendant asserts that he suffers from numerous serious medical conditions including prediabetes, obesity, organ loss in his intestines and stomach, hypertension, hyperlipidemia, prostate disorder, esophageal reflux, gastritis, erosive duodenitis, and a hiatial hernia. ECF No. 278 at 2. Defendant explains that his left leg was amputated, he uses a wheelchair, and that he has an artificial stomach. *Id.* The parties agree that, because of the COVID-19 pandemic, Defendant's medical conditions present extraordinary and compelling reasons for a sentence reduction.[1] They seek an order reducing Defendant's sentence to time served subject to house arrest and a modification of the term of his supervised release. ECF No. 287.

## DISCUSSION

Courts "may not modify a term of imprisonment," except pursuant to certain statutory exceptions. 18 U.S.C. § 3582(c). The compassionate release provision of the First Step Act provides such an exception. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018) (amending 18 U.S.C. § 3582).

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's sentence for "extraordinary and compelling reasons" if the sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." Courts must also

---

[1] The CDC has found that individuals who suffer from heart conditions, obesity, and solid organ transplantation "are at increased risk of severe illness from COVID-19." Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2_F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed September 10 2020).

"consider[] the factors set forth in section 3553(a) to the extent that they are applicable . . . ." 18 U.S.C. § 3582(c)(1)(A). However, a defendant may only move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.*

The motion is properly before the Court because over 30 days have passed since the warden of FCI-Oxford received Defendant's request for compassionate release. ECF No. 278 at 4 ("Mr. McElrath submitted a request to his Warden that was responded to on May 13, 2020.").

The Court also finds that Defendant's medical conditions present an "extraordinary and compelling" reason to warrant compassionate release, consistent with the Sentencing Commission's policy statements. The policy statement addressing reduction of sentences under § 3582(c)(1)(A) states that the Court may reduce a defendant's sentence for "extraordinary and compelling reasons" if "the defendant is not a danger to the safety of any other person or to the community" and the sentence reduction is consistent with the policy statement.[2] USSG § 1B1.13. The application notes to the policy statement define an "extraordinary and compelling" reason as a defendant who is "suffering from a serious physical or medical condition." *Id.* Here, Defendant's conditions of obesity, organ loss in

---

[2] While the policy statement refers to motions filed by the Director of the Bureau of Prisons, the Court applies this statement to motions brought by defendants because the statement was issued before the enactment of the First Step Act, which allows defendants to directly petition a district court for compassionate release.

his intestines and stomach, hypertension, hyperlipidemia, prostate disorder, esophageal reflux, gastritis, erosive duodenitis, and a hiatial hernia together constitute a "serious physical or medical condition." Furthermore, the modification of Defendant's term of supervision will ensure the safety of the community.

The Court therefore grants the parties' joint motion and reduces Defendant's sentence to time served, subject to the modification of his term of supervised release. To ensure Defendant's health and safety upon release, the Court authorizes the BOP to follow its internal procedures to coordinate Defendant's release, provided that he is released within 15 days of this Order. The Court leaves it to the discretion of the BOP and Immigration and Customs Enforcement ("ICE") to determine whether any quarantine is served in BOP custody, an ICE Detention Center, or elsewhere.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The parties' Joint Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c), ECF No. 287, is GRANTED.
2. Defendant's Motion to Seal Document, ECF No. 275, is GRANTED as follows:
    a. ECF No. 274 shall remain sealed. Defendant shall submit proposed redactions to ECF No. 274, if any, on or before September 21, 2020. The Court will either unseal the document or file a redacted version of the document.
3. The Clerk of Court shall terminate ECF No. 278.

4. Defendant's previously imposed term of imprisonment shall be reduced to time served, subject to house arrest.

5. Defendant shall be released from the custody of the Bureau of Prisons, after travel and quarantine arrangements can be made, within 15 days of this Order.

6. Once released from custody, Defendant shall be placed on supervised release subject to the following modifications:

    a. Defendant is placed on supervised release until January 22, 2023, the expiration of the original imprisonment component of his sentence. During this period, Defendant shall be placed on home confinement for the first year with GPS monitoring.

    b. Following the expiration of the new term of supervised release on January 22, 2023, Defendant shall serve the eight years of supervised release ordered in his amended Judgment. ECF No. 262. Defendant is subject to the supervision conditions previously imposed.

Dated: September 10, 2020

s/Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge